IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | JUSTIN EISENHART and BRITTANY EISENHART, Debtors | CASE NO. 5:20-bk-71965<br>Chapter 7 |
| IN RE: | ERIC SOLLER | CASE NO. 5:21-mp-00702 |

## **ORDER**

On November 18, 2021, came on to be heard before the Court the following pleadings:

- Amended and Restated Motion Pursuant to Local Rule 2090-1(b) for *Pro Hac Vice* Admission of Daniel E. Garrison, Esq. (Doc. #12 in the MP, Doc. #25 in the Eisenhart Case) (the "Pro Hac Motion");
- United States Trustee's Response in Opposition to Amended and Restated Motion Pursuant to Local Rule 2090-1(b) for *Pro Hac Vice* Admission of Daniel E. Garrison, Esq., or, in the Alternative, Motion to Disqualify Daniel E. Garrison from Acting as Counsel in this Matter (Doc. #19 in the MP, Doc. #32 in the Eisenhart Case);
- United States Trustee's Amended Response in Opposition to Amended and Restated Motion Pursuant to Local Rule 2090-1(b) for *Pro Hac Vice* Admission of Daniel E. Garrison, Esq., or, in the Alternative, Motion to Disqualify Daniel E. Garrison from Acting as Counsel in this Matter (Doc. #20 in the MP, Doc. #33 in the Eisenhart Case) (the "UST Motion");
- Response to UST Motion to Disqualify (Doc. #26 in the MP, Doc. #39 in the Eisenhart Case).

Eric Soller appeared on behalf of the Debtors and himself; Daniel E. Garrison appeared on behalf of Eric Soller and himself; Kathryn M.C. Worlow appeared on behalf of the United States Trustee. Following testimony and argument, the Court took the matter under advisement. On November 29, 2021, the Court issued an oral ruling by telephone where all parties were present.

Based upon the findings and conclusions stated on the record which are hereby incorporated by reference pursuant to Federal Rule of Bankruptcy Procedure 7052, made applicable to contested matters by Federal Rule of Bankruptcy Procedure 9014, the Court hereby

finds that the Pro Hac Motion is denied. The UST Motion, to the extent not rendered moot by the denial of the Pro Hac Motion, is granted. The Court finds that Mr. Garrison holds a non-waivable concurrent conflict of interest under Arkansas Rule of Professional Conduct 1.7 because Mr. Garrison's personal interest as an owner of Fresh Start Funding is directly adverse to Mr. Soller's interest in these matters, or, at a minimum, there is a substantial risk that Mr. Garrison's representation of Mr. Soller will be materially limited by his responsibilities and interests as an owner of Fresh Start Funding and it is not reasonable for Mr. Garrison to pursue the representation despite the conflict. Mr. Soller has three options going forward in these matters: (1) Mr. Soller can request that Fresh Start Funding provide an attorney under the indemnification agreement that is not an owner of Fresh Start Funding and that does not hold a conflict of interest in these matters; (2) Mr. Soller can provide his own counsel; or, (3) Mr. Soller can represent himself in these proceedings.

**ORDERED**, that the Pro Hac Motion is denied, the UST Motion is granted to the extent it was not rendered moot by the denial of the Pro Hac Motion, and any or all other relief requested by Eric Soller and Daniel E. Garrison is denied.

**IT IS SO ORDERED.**

Honorable Bianca M. Rucker
United States Bankruptcy Judge
Dated: 12/02/2021

PREPARED BY:

KATHRYN M.C. WORLOW, Bar No. 2018027
Assistant United States Trustee
200 West Capitol Avenue, Suite 1200
Little Rock, AR 72201-3618
Telephone: (501) 324-7357
Email: Kathryn.M.Worlow@usdoj.gov

[Proposed order amended by the Court]

Cc    Debtors
       Attorney for Debtors
       Daniel E. Garrison
       Eric Soller
       Trustee
       US Trustee